IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TEILL REYNOLDS,

               **Plaintiff,**

v.                                            CASE NO. 20-3186-SAC

STATE OF KANSAS, et al.,

               **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Teill Reynolds, a state prisoner at the Lansing Correctional Facility (LCF) in Lansing, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's Complaint (ECF No. 1) describes the nature of the case as follows: "I am an innocent person who was wrongly charged for rape and my charging document was defective and I was wrongly sentenced in my case and I'm actually innocent." ECF No. 1, at 2. Plaintiff alleges the victim gave false testimony and made inconsistent statements.

Plaintiff names as defendants the State of Kansas, the Kansas Department of Corrections, the Kansas City, Kansas Police Department, and six individuals. He does not state what relief he seeks.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's Complaint is subject to dismissal because it appears he is seeking release from custody, relief that is not available in a § 1983 action. Even if he is not seeking release, his Complaint is barred under *Heck v. Humphrey*.

Plaintiff states that he is innocent. He does not specify that he is seeking release from custody, but presumably that is his ultimate goal. Where a prisoner claims entitlement to immediate or speedier release, a petition for habeas corpus relief is his sole remedy in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release."). A prerequisite to filing a habeas corpus petition in federal court is full exhaustion of all levels of administrative appeal, as well as all remedies available in the state courts. Plaintiff's claim that he is entitled to release must be dismissed from this action without prejudice to his raising it in a habeas corpus petition after he has exhausted all available state remedies.

If Plaintiff is not seeking release in this action but instead seeks compensation for unlawful imprisonment, his claims are premature under the principles of *Heck v. Humphrey*. Under the *Heck* doctrine, when a state prisoner seeks damages in a lawsuit under § 1983, his complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained by the Tenth Circuit:

> In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted).

*Reed v. McCune*, 298 F.3d 946, 953-54 (10th Cir. 2002).

The purpose behind *Heck* is "to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011), *quoting Butler v. Compton,* 482 F.3d 1277, 1279 (10th Cir. 2007).

Claims that are subject to the *Heck* bar have not yet accrued and therefore are premature. Such claims are dismissed without prejudice. *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck,* the dismissal should be without prejudice.").

Plaintiff alleges the defendants prosecuted him on false charges and the charging document was defective. Hence, a judgment here in Plaintiff's favor would obviously imply that Plaintiff's conviction is invalid. Because Plaintiff has not shown that his conviction has already been invalidated, whether reversed on direct appeal, expunged by executive order, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise invalidated, the Complaint is barred by *Heck*. *See Heck*, 512 U.S. at 487.

**IV.  Response Required**

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is therefore required to show good cause why his

Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

### V. Motion to Appoint Counsel (ECF No. 4)

Plaintiff has filed a Motion to Appoint Counsel (ECF No. 4). As Plaintiff recognizes, there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it does not appear that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 8, 2021**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 4) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 8th day of February, 2021, at Topeka, Kansas.

                **s/_Sam A. Crow_____**
                **SAM A. CROW**
                **U.S. Senior District Judge**